UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

ASPEN AMERICAN INSURANCE
COMPANY,

    Plaintiff,

vs.

                                CASE NO.

KAREN NISSIM, as Personal Representative
of the Estate of Aaron Hirschhorn, deceased,
on behalf of herself and all potential
beneficiaries and heirs,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, ASPEN AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment as to the coverage afforded under a policy of marine insurance, and further thereto would respectfully state as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, § 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute, and for a determination that the Defendant cannot enforce the associated settlement and consent judgment against ASPEN.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Named Insured, Eugenio Martinez Huet

1

(deceased), then residing at 4925 Collins Avenue United #11A in Miami, Florida, 33140, and because the policy contains a valid and enforceable forum selection clause establishing jurisdiction where the policy was delivered.

3. Moreover, a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2); specifically, the underlying maritime incident occurred in this district, the underlying lawsuit was filed in this district, and the settlement and consent judgment was entered into in this district.

4. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. § 1333, and supplementary jurisdiction per 28 U.S.C. § 1367.

5. Plaintiff, ASPEN AMERICAN INSURANCE COMPANY (hereinafter "ASPEN") is a corporation organized and existing under the laws of the state of Texas, with its office and principal place of business located in the state of New Jersey.

6. Upon information and belief, venue is proper in this district per 28 U.S.C. § 1391(b)(1) because the Defendant KAREN NISSIM, as Personal Representative of the Estate of Aaron Hirschhorn, on behalf of herself and all potential beneficiaries and heirs, is a resident of the State of Florida.

**FACTUAL ALLEGATIONS**

7. On or about June 16, 2020, Plaintiff ASPEN, in exchange for good and valuable consideration issued to Eugenio Martinez Huet (deceased) (hereinafter "Mr. Huet") its Marine Insurance Policy No. ASU00879400, affording Third-Party Liability coverage in the amount of $500,000.00 for a period of one (1) year commencing on June 9, 2020, on the 2018 36 ft Christ

Craft vessel named "CAPRICE" (hereinafter "the Vessel") which was at that time owned by Mr. Huet.

8. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. ASU00879400 (hereinafter "the Policy") is attached hereto as Exhibit 1.

9. Plaintiff's Policy No. ASU00879400 is what is commonly known as an "Approved Operator Policy," whereby coverage is expressly limited to certain operators.

10. Under the section for "Operators," the Declarations Page of Plaintiff's Policy No. ASU00879400 lists only one name: "Eugenio Martinez Huet." Ex. 1, at 1.

11. On or around March 28, 2021, during the period of Plaintiff's Policy No. ASU00879400, the Vessel was involved in an incident in which it has been alleged that the Vessel struck and killed Aaron Hirschhorn while it was being operated off the coast of Miami Beach, Florida (hereinafter "the Incident").

12. Upon receipt of the first notice of the March 28, 2021 loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the Incident.

13. The said investigation established that the Vessel was being operated by a man named Randall Harmat at the time of the Incident.

14. The said investigation established that, prior to his death, Mr. Huet had transferred ownership of the Vessel to a third party prior to the Incident.

15. On March 11, 2021, KAREN NISSIM (hereinafter "NISSIM"), as Personal Representative of the Estate of Aaron Hirschhorn, on behalf of herself and all potential beneficiaries and heirs, and John Cucci, as personal representative of the Estate of Eugenio

Martinez Huet, executed an agreement entitled "Settlement Agreement, Assignment of Rights, Consent Judgment, and Covenant not to Execute" concerning the Incident (hereinafter "the Coblentz Agreement."

16. Via the aforementioned assignment of rights, NISSIM "stands in the shoes" of ASPEN's Named Insured, Mr. Huet (deceased).

17. Thereafter NISSIM and Mr. Cucci, as personal representative of Estate of Huet, entered into binding arbitration on the issues of liability and damages concerning the Incident.

18. On April 28, 2022, the arbitrator entered an award on NISSIM's claims in the amount of $66,030,000.00.

19. On August 23, 2022, the court in Miami-Dade County, Case No. 2021-013152-CA-01, entered a consent judgment for $66,030,000.00 in favor of NISSIM and against John Cucci, as personal representative of the Estate of Huet (hereinafter "the Consent Judgment").

20. A true and correct copy of the Consent Judgment is attached hereto as Exhibit 2.

**FIRST CAUSE OF ACTION**
**(NON-APPROVED OPERATOR)**

21. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 20 as if set forth fully herein.

22. Plaintiff's Policy No. ASU00879400 states, in pertinent part:

> **Section L: General Conditions and Warranties**
>
> [….]
>
> 23) No coverage is provided under this policy when the *Insured vessel*(s) is/are being operated by anyone other than those listed as operators including those listed on any bareboat charter agreement.

Ex. 1, at 19 (emphasis in original).

23. The post-incident investigation carried out by the Plaintiff established that the Vessel was not being operated by Mr. Huet (the only approved operator) at the time of the Incident, but that in fact it was being operated by Mr. Harmat, who was not an approved operator.

24. As such, there can no coverage for any claims arising out of the Incident because Mr. Harmat was operating the Vessel and he was not an approved operator under Plaintiff's Policy No. ASU00879400.

25. Defendant's breach of the Approved Operator provision set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for any claims or damages as a result of the Incident.

26. Notwithstanding the said breach of the provision and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant NISSIM has made demand upon Plaintiff for coverage under the said terms of the said policy of marine insurance and for payment of the $66,000,030 consent judgment.

27. As a result of the breach of the provision and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. ASU00879400. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

28. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under

the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance and the Coblentz Agreement, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
### (TRANSFER OF OWNERSHIP)

29. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 20 as if set forth fully herein.

30. Plaintiff's Policy No. ASU00879400 states, in pertinent part:

**SECTION C: POLICY TERMS AND CONDITIONS**

[….]

8) If ownership or beneficial ownership of the ***insured vessel*** listed on the policy declaration is transferred to a third party, the policy automatically cancels effective on the date and time of transfer and pro-rata return premium will be allowed subject to Yachtinsure cancellation terms.

Ex. 1, at 8 (emphasis in original).

31. The post-incident investigation carried out by the Plaintiff established that ownership of the Vessel had transferred prior to the Incident.

32. As such, Plaintiff's Policy No. ASU00879400 was automatically cancelled prior to the Incident as a result of the transfer of ownership.

33. Defendant's breach of the transfer of ownership provision set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for any claims or damages as a result of the Incident.

34.     Notwithstanding the said breach of the provision and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant NISSIM has made demand upon Plaintiff for coverage under the said terms of the said policy of marine insurance and for payment of the $66,000,030 consent judgment.

35.     As a result of the breach of the provision and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. ASU00879400.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

36.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance and the Coblentz Agreement, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### THIRD CAUSE OF ACTION
### (UNENFORCEABLE COBLENTZ AGREEMENT)

37.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 20 as if set forth fully herein.

38.     Upon information and belief, the circumstances leading up to entry of the Consent Judgment against Mr. Cucci, as personal representative of the Estate of Huet, amount to an unenforceable Coblentz Agreement.

7

39. Upon information and belief, NISSIM led Mr. Cucci to believe that she would not collect the judgment against the Estate of Huet, and that her true target was ASPEN, and that NISSIM and Mr. Cucci colluded with respect to entry of the arbitration award and eventual consent judgment, implicitly or explicitly, and to the extent that the amount of the judgment is not in "good faith," but is instead a product of collusion, fraud, or lack of "good faith," for reasons that include, but are not limited to, an unreasonable settlement amount agreed to in exchange for a covenant not to execute, which calls into question the validity of the underlying judgment, which appears to be tainted by lack of "good faith," by fraud, or potentially by collusion.

40. As such, the Consent Judgment is judgment unenforceable because it is the result of an improper and defective Coblentz Agreement.

41. As a result of the Defendant's demands for payment of the Consent Judgment, notwithstanding the unreasonable amount and lack of good faith, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Coblentz Agreement, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the Incident of March 28, 2021;

(B) Declaring that the breach of the policy's Approved Operator provision as described herein results in lack of coverage under Plaintiff's Policy No. ASU00879400 and relieves the Plaintiff from any and all liability to the said Defendant under the terms

    of the Third-Party Liability coverage afforded under the said policy of marine insurance;

(C)  Declaring that the breach of the policy's Transfer of Ownership provision as described herein renders Plaintiff's Policy No. ASU00879400 void *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Third-Party Liability coverage afforded under the said policy of marine insurance;

(D)  Declaring that Plaintiff's Policy No. ASU00879400 does not afford coverage to the Defendant for the incident of March 28, 2021;

(E)  Declaring the Consent Judgment unenforceable against ASPEN as a result of the lack of coverage and/or the lack of a duty to defend due to the breach of the Plaintiff's Policy No. ASU00879400's express provisions;

(F)  Declaring the Consent Judgment unenforceable against ASPEN as a result of unreasonableness and/or lack of good faith;

(G)  Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:        September 27, 2024
              Fort Lauderdale, Florida

                THE GOLDMAN MARITIME LAW GROUP
*Attorneys for Plaintiff Aspen American Ins. Co.*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Tel (954) 356-0460
Fax (617) 608-5128
Cel (617) 817-1887

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573